IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| DORA JEPPESEN,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER EXTENDING TIME FOR SERVICE<br><br><br><br>Case No. 1:10-CV-107 TS |

This matter came before the Court for a status conference on the issue of service of process. As stated at the hearing, the Court will extend the period of time required for service to include June 6, 2011. Defendant is directed to respond to the Complaint in this matter within 60 days of the July 13, 2011 hearing.

I. BACKGROUND

Plaintiff filed her Complaint in this action on July 19, 2010. After no activity for several months, the Court issued an Order to Show Cause on March 17, 2011. Plaintiff responded to the Order to Show Cause, asserting that a Complaint and summons were mailed to the Attorney General and the United States Attorney's Office. Defendant, appearing specially to respond to

1

Plaintiff's response, stated that he was never served with a Complaint. Defendant stated that he was only mailed a copy of a summons, but that no Complaint was included, in violation of Fed.R.Civ.P. 4.

On April 25, 2011, the Court issued an order indicating that there was nothing in the record to indicate that Plaintiff had ever served Defendant with a copy of the Complaint and summons. As a result, the Court directed Plaintiff to serve Defendant in accordance with Fed.R.Civ.P. 4 within 20 days of that Order.

On May 26, 2011, Defendant filed a Notice with the Court indicating that he had not been served in accordance with Fed.R.Civ.P. 4 in the time frame directed by the Court.

On May 31, 2011, Defendant filed a Notice of Service, indicating that it had served the General Counsel of the Social Security Administration, the Attorney General, and the U.S. Attorney's Office in April 2011. Defendant responded to this Notice of Service, indicating that it had received an unsigned and undated copy of the Complaint, but it was not accompanied by a summons as required by Fed.R.Civ.P. 4. As a result, Defendant argued that Plaintiff failed to comply with the Court's previous order.

On June 3, 2011, Plaintiff again submitted a Notice of Service, indicating that she had served the General Counsel of the Social Security Administration, the Attorney General, and the U.S. Attorney's Office. Defendant did not respond to this latest Notice of Service, thus the Court set this matter for a status conference.

At the status conference, Defendant indicated that he had been served with a summons and complaint in this matter, but that it was not within the time frame ordered by the Court and Defendant could not waive service pursuant to Department of Justice policy.

## II. DISCUSSION

Fed.R.Civ.P. 4(c)(1) provides:

A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

Fed.R.Civ.P. 4(m) states:

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court finds that Plaintiff's latest attempt at service complies with Rule 4(c)(1). Defendant concedes that he has been served with both the summons and Complaint in this matter. The Court further finds good cause to extend the time for service based on counsel's representations at the status conference. Therefore, the Court will extend the time of service to include June 6, 2011, when Defendant was served in this matter. Defendant's response to the Complaint is due within 60 days of the July 13, 2011 hearing.

## III. CONCLUSION

Based on the above, the Court will extend the time for service under Rule 4(m) to include June 6, 2011. Defendant's response to the Complaint is due within 60 days of the July 13, 2011 hearing.

DATED  July 14, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge